IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STEVEN JOSEPH BROWN,           )
                               )
        Petitioner,            )
                               )
                               )    CIV-10-1249-R
v.                             )
                               )
ERIC FRANKLIN, Warden,         )
                               )
        Respondent.            )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the execution of his sentences and alleges that the Oklahoma Department of Corrections ("DOC") is forcing him to serve his state sentences consecutively, rather than concurrently, as ordered by former Oklahoma Governor Brad Henry.[1] Respondent has moved to dismiss the Petition based on the assertion that Petitioner has failed to exhaust available state court remedies, and Petitioner has responded to the Motion. The matter has been referred to the undersigned

---

[1] Petitioner has not used the proper form for habeas petitions, and his Petition is deficient in that it fails to address both the timeliness of the Petition under 28 U.S.C. § 2244(d)(1) or the exhaustion of state remedies under 28 U.S.C. § 2254(b)(1). Because the Petition challenges the execution of his sentences, rather than the constitutional validity of his convictions, see Petitioner's Response, at 3, it is construed as a Petition arising under the authority of 28 U.S.C. § 2241. See Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005)(challenge to execution of state sentence is properly brought under 28 U.S.C. § 2241).

1

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Motion to Dismiss be denied and the Petition be denied.

I. Background

Petitioner entered a plea of guilty and was convicted in the District Court of Comanche County, Case No. CRF-98-145, of the offense of Unlawful Distribution of Methamphetamine. For this conviction, Petitioner was sentenced on January 19, 1999, to a 20-year term of imprisonment in the custody of DOC. Response, Ex. 2. He was committed to DOC custody on February 12, 1999, and was paroled from this sentence on August 27, 2002. Response, Ex. 3. In a Certificate of Parole Revocation dated March 8, 2006, former Oklahoma Governor Brad Henry revoked Petitioner's parole because of new drug-related charges filed against Petitioner in the District Court of Comanche County, Case No. CF-2005-241. Response, Ex. 4. In the Certificate of Parole Revocation, Petitioner was ordered to serve the remaining portion of his sentence in Case No. CRF-98-145 "concurrently with any term received in CF-2005-241, with no credit for street time." Response, Ex. 4.

Petitioner entered a plea of guilty in Case No. CF-2005-241 to a charge of Unlawful Possession of Controlled Drug with Intent to Distribute after former conviction of a felony, and on April 25, 2006, Petitioner was sentenced for this conviction to a 12-year term of imprisonment in the custody of DOC. The Judgment and Sentence entered in Case No. CF-2005-241 does not mention the prior parole revocation sentence.

In another criminal proceeding in the District Court of Comanche County, Case No.

CF-2005-555, Petitioner entered a plea of guilty to charges of Possession of Controlled Substance (count one) and Assault and Battery upon Police Officer (count two). He was sentenced in this case on April 25, 2006, to a 12-year term of imprisonment for the drug-related conviction in count one, to be served concurrently with the sentence entered the same day in Case No. CF-2005-241, and a 6-year term of imprisonment for the conviction in count two, to be served concurrently with the sentence in count one and the sentence entered in Case No. CF-2005-241.

Petitioner began serving his sentences in Case Nos. CF-2005-241 and CF-2005-555 on June 9, 2006. On April 18, 2010, former Governor Henry issued a Certificate of Parole granting Petitioner parole with respect to his convictions in Case No. CF-2005-241 and CF-2005-555. In the parole certificate, Governor Henry ordered that Petitioner "proceed to and satisfy the terms of the consecutive [parole revocation] sentence" in Case No. CRF-98-145 for which Petitioner was required to serve his remaining sentence of "11 years, 2 months and 23 days," effective April 22, 2010. Response, Ex. 9. DOC "rebilled" Petitioner to serve his parole revocation sentence on April 22, 2010. Response, Ex. 1 (Petitioner's consolidated record card).

On October 7, 2008, Petitioner submitted a Request to Staff form to Deputy Warden Gilstrap at the Joseph E. Harp Correctional Center ("JEHCC"), where Petitioner was then incarcerated. In response, Deputy Warden Gilstrap authored a memorandum dated October 23, 2008, addressed to Petitioner. In this memorandum, Deputy Warden Gilstrap advised Petitioner that "Mr. Jim Rabon, head of Sentence Administrative and Offender records" for

3

DOC had reviewed Petitioner's record and determined that the Governor's order running the parole revocation sentence concurrently with the sentence in CRF-2005-241 was "in error and not a legal order. The governor does not have authority to run a revoked sentence concurrently with another sentence that does not yet exist." Response, Ex. 10. Petitioner was further advised that DOC would "continue to administer [Petitioner's] time as two consecutive sentences." Response, Ex . 10. Both Respondent and Petitioner have provided the Court with a copy of this memorandum.

Petitioner submitted a second Request to Staff to his Unit Manager at JEHCC on March 12, 2009, in which he requested "the reason why 98-145 [sic] is not being run concurrently with 2005-241 [sic] as ordered by the Governor." Response, Ex. 11. In a response dated March 12, 2009, from the Unit Manager, Petitioner was advised that

> [y]our parole certificate states to run concurrently with any term received in CF-2005-241, with no credit for street time. You are also serving time on CF-2005-555. Your parole certificate does not state to run concurrently with the CF-2005-555 time. Therefore, your CF98-145 parole revocation case is running consecutively with the time you are serving now.

Response, Ex. 11. Petitioner submitted a grievance dated March 23, 2009, concerning the issue and asked that his record be amended to reflect that his three sentences were being served concurrently. In a response dated March 25, 2009, Petitioner was advised by the JEHCC review authority that

> [t]he Governor signed your revocation re: CF98-145 on 3/8/06. You were sentenced re: CF2005-241 on 4/25/06. The JEHCC Records Officer contacted Sentence Administrator, Jim Rabon who stated that the Governor cannot order the revocation

4

> concurrent to a case that has not yet been sentenced. Therefore, your CF98-145 parole revocation case is running consecutively with the time you are serving now. Relief denied.

Response, Ex. 11. Petitioner's appeal of this grievance decision was denied by the DOC Director's Designee on April 8, 2009. Response, Ex. 11.

On May 21, 2009, Petitioner filed a petition in the District Court of Oklahoma County seeking a writ of mandamus. In this case, <u>Steven J. Brown v. Oklahoma Department of Corrections, et al.</u>, Case No. CJ-09-4703, District Judge Robertson issued an Order Denying Writ of Mandamus on July 16, 2009, in which Judge Robertson found that Petitioner had alleged his sentences in Case Nos. CRF-98-145, CF-2005-241, and CF-2005-555 should be served concurrently as opposed to consecutively. Response, Ex. 12. Judge Robertson recognized that pursuant to Okla. Stat. tit. 21, § 63, the Governor may order a parole revocation sentence to run concurrently with other sentences. However, Judge Robertson concluded that the Governor was not authorized by the statute or by Oklahoma court precedent to order a parole revocation sentence to be served concurrently "to a sentence that does not exist at the time the revocation order was issued." Response, Ex. 12. With respect to Petitioner's new sentences, Judge Robertson found that the Comanche County district court "did not act until months [after the parole revocation was entered] and decided the [Petitioner's] new sentences were [to run] only concurrent with each other and did not mention the parole revocation" sentence. Response, Ex. 12. Judge Robertson found that, based on Okla. Stat. tit. 21, § 61.1, the "Governor's act was a violation of the separation of powers doctrine as the Governor attempted to interfere with the judicial branches' [sic]

5

pending action in Comanche County. The Court finds there is no legal right to have a parole revocation served concurrent with a sentence that did not yet exist."[2]

Petitioner attempted to appeal this decision. However, the Oklahoma Court of Criminal Appeals ("OCCA") entered an Order Dismissing Petition for Writ of Mandamus in <u>Steven J. Brown v. State of Oklahoma</u>, Case No. MA-2009-950 on November 16, 2009. The OCCA, citing Rule 10.1(C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2009), found that Petitioner had not complied with the time requirements prescribed by the court for appealing an order of a district court[3] and dismissed the attempted appeal on the basis of this procedural default. Response, Ex. 14.

## II. Respondent's Motion to Dismiss

In the Motion to Dismiss filed by Respondent, Respondent first contends that Petitioner has not exhausted available state court remedies and seeks dismissal of the Petition on this basis. Respondent also asserts in the Motion to Dismiss that Petitioner procedurally defaulted his habeas claim in the state courts and he is procedurally barred from obtaining

---

[2] Alternatively, Judge Robertson found that Petitioner had "no cause of action as he [had] brought his claim too late and [was] barred" from seeking relief because he was convicted on April 25, 2006, and the limitations period prescribed in Okla. Stat. tit. 12, § 95.11 expired on April 25, 2007, over two years before his mandamus action was filed on May 21, 2009. Response, Ex. 12. This provision requires that actions filed by a state inmate "to include, but not be limited to, the revocation of earned credits and claims for injury to the rights of another" occurring while the person is an inmate must be "commenced within one (1) year after the cause of action shall have accrued . . . ."

[3] The court found that Petitioner filed his attempted appeal on October 27, 2009, which was more than two months after the expiration of the prescribed 30-day time period established by the OCCA for filing his appeal.

6

federal habeas review of his claim. See Motion to Dismiss, at 7. Despite a lack of clarity in Respondent's Motion, it appears Respondent ultimately seeks the denial of the Petition on the basis of Petitioner's state court procedural default.

A habeas petitioner is "generally required to exhaust state remedies whether his action is brought under [28 U.S.C.] § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). See Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007); Hamm v. Saffle, 300 F.3d 1213 (10th Cir. 2002)("The exhaustion of state remedies includes both administrative and state court remedies."). Petitioner exhausted his administrative remedies. Petitioner attempted to exhaust his state court remedies through mandamus proceedings. The district court denied the petition, and the OCCA dismissed Petitioner's attempted appeal as untimely because Petitioner had not complied with the court's procedural rules requiring the filing of a petition in error within 30 days of the district court's ruling. Because Petitioner's attempted appeal was untimely, he has not "properly presented" his habeas claim to the OCCA, and he has not exhausted state court remedies. See Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Respondent requests that the Court dismiss the Petition for failure to exhaust state court remedies. However, Respondent has not shown that Petitioner has an available remedy for pursuing relief in a subsequent state court mandamus or other proceeding.[4] See Okla. Stat.

---

[4] In his response, Petitioner asserts that "[o]n October 7, 2010, [he] filed a Motion for Post conviction Relief Appeal Out of Time" but that "the Courts have not responded" to the motion. Petitioner's Response, at 3, 4. He has not, however, provided sufficient factual allegations or any documentary evidence to indicate what grounds he raised in this application.

7

tit. 22, § 1086 (applicant must raise all grounds for relief in initial application and any ground not so raised or voluntarily and intelligently waived in that proceeding "or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application" unless the court finds applicant had "sufficient reason" for not raising defaulted claim in prior application). "[D]ismissal without prejudice [of a habeas petition] for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999)(citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991)), cert. denied, 531 U.S. 833 (2000). Because Petitioner has procedurally defaulted his federal habeas claim, dismissal of the Petition under these circumstances is not appropriate. Accordingly, Respondent's Motion to Dismiss the Petition on the basis of Petitioner's failure to exhaust available state court remedies should be denied.

III. Procedural Default

On habeas review, federal courts generally will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground. Dretke v. Haley, 541 U.S. 386, 392 (2004); see also Bousley v. United States, 523 U.S. 614, 622 (1998); Coleman, 501 U.S. at 750. "By not filing for mandamus relief from the OCCA within thirty days after the state district court denied relief, [Petitioner] failed to comply with the procedural rules of the OCCA. [Petitioner's] failure to file in a timely manner was the basis for the OCCA's decision to deny relief. Thus, the OCCA's decision was based solely on state law rather than federal law and is independent for this analysis." Hamm, 300 F.3d

at 1216. The court in Hamm found that the OCCA had "applied the timing requirements in Rule 10.1(C) regularly and evenhandedly in similarly situated cases, and . . . application of Rule 10.1(C) constitutes an adequate state ground." Id. at 1217. Petitioner has not challenged the adequacy of the OCCA's procedural default rules. Petitioner merely contends that his "legal mail" was delayed by prison staff. The OCCA employed an independent and adequate state ground for dismissal of Petitioner's attempted appeal.

The Supreme Court has recognized an exception to the procedural bar doctrine "when a habeas applicant can demonstrate cause and prejudice for the procedural default."[5] Dretke, 541 U.S. at 393. See Gonzales v. Jordan, 37 Fed. Appx. 432, 434, 2002 WL 1203905, *2 (10th Cir. June 5, 2002)(unpublished op.)(holding Coleman's procedural bar doctrine "applies to § 2241 petitions"). In his responsive pleading, Petitioner asserts that he has shown cause for his failure to timely appeal the state district court decision because the prison delayed the mailing of his appeal papers to the OCCA. However, Petitioner refers to a pleading he asserts was filed in the district court on September 13, 2010. In the OCCA's Order Dismissing Petition for Writ of Mandamus, the court found that Petitioner filed his attempted appeal of the district court's decision on October 27, 2009. Response, Ex. 14. Petitioner has not addressed his failure to timely file the attempted appeal of the denial of his mandamus

---

[5] Courts have also recognized that a procedural default does not bar federal habeas review "in rare cases when the failure to consider a petitioner's claims would produce a 'fundamental miscarriage of justice,' on the ground that the petitioner is actually innocent of the charged crime." Ellis, 302 F.3d at 1186 n. 1 (quoting Coleman, 501 U.S. at 750). Petitioner does not claim factual innocence, and the miscarriage of justice exception does not apply.

9

petition. Hence, Petitioner has not shown cause and prejudice excusing his state court procedural default. Therefore, he is not entitled to federal habeas review of his claim challenging the execution of his sentences. Because the Petition is procedurally barred, the Court should deny the Petition.[6]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___February 10th___, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed

---

[6]It appears the applicable 28 U.S.C. § 2244(d) limitation period expired prior to the date the Petition was filed. In the Motion to Dismiss, Respondent asserts in a conclusory manner that "[t]he limitations period has expired." Respondent does not present a cogent argument in favor of dismissal of the Petition on this basis or even cite the statute creating the one-year limitation period for habeas petitions filed by state prisoners. Consequently, Respondent cannot be said to have asserted the limitations defense, and Petitioner was not notified of the limitation issue concerning the filing of his Petition. Hence, the interests of justice would be better served by not addressing the limitations issue *sua sponte*. Cf. Day v. McDonough. 547 U.S. 198, 209-210 (2006)(district courts are permitted to consider, *sua sponte*, the timeliness of state prisoner's habeas petition where state miscalculated limitation period and petitioner was given notice and opportunity to show why limitation period should not result in dismissal of petition).

waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this <u> 21st </u> day of <u> January </u>, 2011.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE