# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN JOSEPH BROWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ERICK FRANKLIN, Warden, )<br>)<br>Respondent. ) | Case No. CIV-10-1249-R |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered January 21, 2011 [Doc. No. 14]. Also before the Court are Petitioner's response [Doc. No. 18] and amended or supplemental response [Doc. No. 20] to the Report and Recommendation , which the Court together treats as Petitioner's objection to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objection.

The Magistrate Judge recommended denial of Respondent's motion to dismiss predicated on Petitioner's alleged failure to exhaust available state remedies but recommended that the petition be denied on the ground that Petitioner's federal habeas claim is procedurally barred based on an independent and adequate state procedural ground and that Petitioner had failed to show cause and prejudice for the procedural default of failing to timely appeal the denial of his petition for a writ of mandamus.

Petitioner's arguments in his objection are hard to follow. However, it appears that Petitioner is making two arguments. First, Petitioner argues that he's entitled to equitable

tolling and/or statutory tolling because he first filed his appeal from the denial of his petition for a writ of mandamus on or about September 17, 2009 but didn't include a certified copy of the District Court ruling so that appeal was dismissed and he did not receive the mail notifying of his procedural error, due to his transfer to another institution, in time to timely correct his error.

Equitable and statutory tolling are applicable to the filing of a petition for habeas corpus, not to state court filings. The Magistrate Judge did not address Respondent's argument that Petitioner's habeas petition herein was barred by the statute of limitations. *See* Report and Recommendation at p. 10, n. 6. Assuming, however, that Petitioner is attempting to show "cause" for his procedural default, Petitioner's attempt is unavailing. The Oklahoma Court of Criminal Appeals in its Order dismissing Petitioner's attempted appeal from the denial of his petition for a writ of mandamus entered on November 16, 2009, stated that the district court's order denying his mandamus petition was entered on July 16, 2009 and that pursuant to Rule 10.1(c) of the Rules of the Oklahoma Court of Criminal appeals, Okla. Stat. tit. 22, ch. 18, App. (2009), a petition and supporting brief were required to be filed within thirty (30) days of the date the trial court denied relief. *See* Order Dismissing Petition for Writ of Mandamus (Exhibit "12" to Respondent's Motion to Dismiss [Doc. No. 8]. Thus, even if Petitioner had filed a complete petition and supporting brief on or before September 17, 2009, or shortly thereafter, after being notified he needed to include a certified copy of the district court order, his appeal would have been untimely. Petitioner has not demonstrated cause for his procedural default.

Petitioner's second argument really asserts a new claim as a basis for his habeas

petition, that the state did not offer appropriate proof of the finality of the judgment in Case Nos. CF-2005-241 and CF-2005-555 before revoking Petitioner's parole. The Court does not address this argument or claim because the petition herein for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is barred by Petitioner's procedural default.

In accordance with the Report and Recommendation of the Magistrate Judge [Doc. No. 14] is ADOPTED, Respondent's motion to dismiss [Doc. No. 8] is DENIED and the petition herein for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

IT IS SO ORDERED this 28th day of February, 2011.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE